**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| BRENDA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | Equitable Relief Sought |
| TAZWOOD COMMUNITY SERVICES, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, BRENDA ROBINSON, by her attorneys, Athena Herman Law, LLC, and complains against the Defendant as follows:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant, TAZWOOD COMMUNITY SERVICES, INC., (hereinafter "Tazwood" or "Defendant"), under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

2. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1331, 1343, and 29 U.S.C. §626.

3. Venue is proper in this judicial district because the alleged unlawful employment practices were committed in this judicial district. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the conduct giving rise to the claims took place in this judicial district.

4. This lawsuit is properly filed in the Peoria Division of the Central District of Illinois because the acts complained of occurred in Tazewell County.

### The Parties

5. Plaintiff BRENDA ROBINSON (hereinafter "Plaintiff" or "Robinson") is a citizen of the United States and the State of Illinois. At all times material herein, Robinson has resided in the Central District of Illinois.

6. During all relevant times, Defendant Tazwood Community Services, Inc., was located and conducting business within the Central District of Illinois.

7. At all times relevant herein, Tazwood was an "employer" within the meaning of the ADEA.

8. Robinson has been employed by Tazwood since approximately June 1, 2021. She was and continues to be an "employee" for purposes of the ADEA.

9. Robinson timely filed charges with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue. She has fulfilled all administrative requirements prior to filing this Complaint.

### FACTUAL ALLEGATIONS

10. Robinson was born on May 2, 1959.

11. Robinson held the position of Processing Specialist with Defendant from approximately June 1, 2021, through approximately March 31, 2023.

12. In early 2022, Defendant advertised an opening for a new position, Office Support Specialist (OSS).

13. Although the job description and job duties for an OSS were virtually identical to the Processing Specialist position, the starting salary and/or hourly pay was significantly more than Robinson was paid by Defendant.

14. Robinson asked Defendant's Executive Director, Lindsey Nance (hereinafter "Nance" or "Executive Director"), what she needed to do to apply for the OSS position. Nance told Robinson, *inter alia*, not to bother applying because she was too old for the position and Defendant needed to hire younger people. Robinson told Defendant's Executive Director, *inter alia*, that she should not be denied the position because of her age when she is qualified for the position. The Executive Director told Plaintiff that she could not have the position because she was already making more than the other employees because the cost of her health insurance was high due to her age.

15. Robinson applied for the OSS position in February 2022.

16. Shortly after Robinson applied for the OSS position, Defendant's Executive Director told Robinson, *inter alia*, that she was aware that Robinson applied for the OSS position and reminded Robinson that she had already told her not to bother applying. Nance explained that Defendant wanted to hire younger employees because they are easier to train.

17. In February 2022, Robinson was denied the better paying OSS position. Instead, Defendant hired three new employees to fill the OSS positions. All three of the selected candidates were substantially younger than Robinson.

18. Robinson was better qualified for the OSS position than the younger employees who were selected to fill the position(s).

19. The younger employees who were given the OSS positions began their employment with Defendant on or about February 14, 2022, and were paid substantially more than Robinson.

20. Robinson was assigned to help train the new hires to perform the OSS job.

21. In March 2022, Robinson met with her immediate supervisor and Defendant's Executive Director (Nance). Robinson informed Defendant that she felt singled out because she

was the only employee required to get a COVID test when absent for any reason. Defendant's Executive Director told Robinson, *inter alia*, that she was just worried about Robinson's health because of her older age.

22. During that meeting, Defendant's Executive Director again told Robinson, *inter alia*, that Plaintiff was paid more than other employees because the cost of her health insurance was high because of her age. The Executive Director told Robinson, *inter alia*, that she intended to eventually increase Robinson's pay after the newly hired OSS personnel were trained.

23. During that meeting, Robinson informed Defendant that she felt the way she was being treated because of her age was not right, and that perhaps she should contact the EEOC. Defendant's Executive Director responded that Robinson was not permitted to contact the EEOC or any agency because Defendant depends on state and federal funding.

24. In approximately late April 2022, Defendant's Executive Director met with Robinson and, again, falsely informed Robinson that she was paid more than other employees. Defendant's Executive Director explained that Robinson's health insurance premiums, which are paid for by Defendant as an employment benefit, are more expensive than the premiums of younger employees' health insurance due to her age, and therefore she is highly paid. Robinson informed Defendant that she did not understand how Defendant could include the cost of her health insurance as compensation paid to her when she did not receive any benefit greater than any other employee.

25. Defendant saved nothing by denying Robinson the OSS position. Defendant paid all persons hired into the OSS role the same amount (initially) and was required to pay the same amount for Robinson's health insurance regardless of what position she held. Defendant limited Robinson's compensation because of her age.

26. After Robinson complained about age discrimination, Defendant took away many of Robinson's job responsibilities and gave them to the younger OSS employees.

27. After Robinson complained about age discrimination and trained the younger OSS employees, Defendant assigned Robinson what Executive Director (Nance) called "the old lady work," including filing and cleaning the office. No other similarly situated employee was assigned to clean the office.

28. On or about June 28, 2022, Defendant assigned Robinson and her supervisor (another older employee who had opposed age discrimination by Defendant) physically difficult work of hauling heavy boxes of files up and down stairs. No younger employees were required to do such heavy labor. Defendant specifically assigned the work to Robinson and her immediate supervisor.

29. On or about July 20, 2022, Robinson filed a charge of discrimination with the EEOC which alleged that she was discriminated against on the basis of her age by Defendant.

30. On or about July 21, 2022, the EEOC provided notice of this charge to Defendant.

31. On or about July 22, 2022, Robinson's immediate supervisor, another older employee who had opposed age discrimination by Defendant, was terminated.

32. In March 2023, Robinson was placed into an OSS position. Defendant informed Robinson that if she did not accept the OSS position at that time, her position would be eliminated in the near future.

**Count I:**
**Age Discrimination in violation of the ADEA**

33. Defendant discriminated against Robinson on the basis of her age.

34. The discriminatory acts described above were the result of a willful or intentional effort on the part of Defendant to discriminate against Robinson because of her age.

35. Defendant's conduct was willful, wanton, malicious and in reckless disregard of Robinson's rights under the Age Discrimination in Employment Act and the Fair Labor Standards Act.

36. As a direct and proximate result of the discriminatory treatment described above, Robinson has suffered damages including but not limited to, loss of wages and fringe benefits, including but not limited to retirement benefits, and other pecuniary losses.

WHEREFORE, Robinson requests that:

    a. Tazwood Community Services, Inc., be adjudicated and declared to have willfully violated the ADEA;

    b. Robinson be placed into a position at a rate of pay to which she would receive but for the discrimination to which she was subjected and/or awarded front pay and/or other appropriate equitable relief;

    c. Robinson be awarded appropriate damages to compensate her for any and all lost wages and other benefits and/or any other appropriate relief to which she is entitled by virtue of Tazwood Community Services, Inc., violation of the ADEA;

    d. Robinson be awarded compensatory damages in an appropriate amount and as allowed by law;

    e. Robinson be awarded liquidated damages in an appropriate amount and as allowed by law;

    f. Robinson be awarded pre-judgment interest on the above damages;

    g. Robinson be awarded her reasonable attorney's fees, costs and litigation expenses; and

    h. The Court grant such other and further relief as it deems just.

## Count II:
## Retaliation in violation of the ADEA

37.     Robinson repeats and reasserts the allegations of paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38.     Defendant retaliated against Robinson because she opposed and complained about age discrimination.

39.     The retaliatory acts described above were the result of a willful or intentional effort on the part of Defendant to retaliate against Robinson because of her protected activity.

40.     Defendant's conduct was willful, wanton, malicious and in reckless disregard of Robinson's rights under the Age Discrimination in Employment Act and the Fair Labor Standards Act.

41.     As a direct and proximate result of the retaliatory treatment described above, Robinson has suffered damages including but not limited to, loss of wages and fringe benefits, including but not limited to retirement benefits, and other pecuniary losses.

42.     Robinson has also suffered emotional pain and suffering, humiliation, embarrassment, and other non-economic losses.

WHEREFORE, Robinson requests that:

    a.  Tazwood Community Services, Inc., be adjudicated and declared to have willfully retaliated against her in violation of the ADEA;

    b.  Robinson's rate of earnings be increased to that which she would receive but for the retaliation to which she has been subjected and/or awarded front pay and/or other appropriate equitable relief;

    c.  Robinson be awarded appropriate damages to compensate her for any and all lost wages and other benefits and/or any other appropriate relief to which she is entitled by virtue of Defendant's violation of the ADEA;

    d.    Robinson be awarded compensatory damages in an appropriate amount and as allowed by law;

    e.    Robinson be awarded punitive damages in an appropriate amount and as allowed by law;

    f.    Robinson be awarded pre-judgment interest on the above damages;

    g.    Robinson be awarded her reasonable attorney's fees, costs and litigation expenses; and

    h.    The Court grant such other and further relief as it deems just.

Dated in Peoria, Illinois, this 21st day of June, 2023.

    Respectfully submitted,

    Brenda Robinson, Plaintiff

    By:    s/Athena M. Herman
    Athena M. Herman, Esq., ARDC No. 6243625
    Attorney for Plaintiff
    ATHENA HERMAN LAW, LLC
    416 Main Street, Suite 811
    Peoria, Illinois 61602
    Telephone: (309) 966-0248
    E-Mail: athena@athenahermanlaw.com